UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JONAH LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:14-cv-00381-JMS-WGH |
| | ) |
| RICHARD BROWN, | ) |
| | ) |
| Defendant. | ) |

**Entry Discussing Motion for a Preliminary Injunction**

Plaintiff Jonah Long brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendant has violated his First Amendment right by restricting his right to communicate with his fiancé, Kami Clemens. Mr. Long has filed a motion for a preliminary injunction that would direct the defendant to permit him to communicate with Ms. Clemens.

**I. Standard**

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted). "The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

When a court is presented with a request for preliminary injunction, it considers multiple factors. To prevail on his motion, the plaintiff must establish: (1) a reasonable likelihood of success on the merits; (2) there is no adequate remedy at law; (3) he will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction

is granted; and (4) the public interest will not be harmed by the injunction. *See Goodman v. Ill. Dep't of Fin. and Prof'l Regulation,* 430 F.3d 432, 437 (7th Cir. 2005).

## II. Discussion

Mr. Long has failed to establish his right to injunctive relief. First, a preliminary injunction is intended to preserve the status quo. Mr. Long has not shown that he is entitled to relief that would alter the status quo. In addition, Mr. Long has not shown that he is likely to succeed on the merits of his claims or that the potential harm to him outweighs the potential harm to the defendant if injunctive relief.

### A. *Status Quo*

The defendant first argues that because granting the relief Mr. Long seeks – communication with his fiancé – would alter the status quo, his motion does not serve the purposes a preliminary injunction is intended to protect. *Indiana Civil Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001) ("A preliminary injunction is an extraordinary remedy intended to preserve the status quo until the merits of a case may be resolved."). Here, the status quo is the denial of communication between Mr. Long and Ms. Clemens. Mr. Long seeks to alter this status and he has not shown his entitlement to such an extraordinary measure.

### B. *Likelihood of Success on the Merits*

The defendant also argues that Mr. Long is not entitled to a preliminary injunction because he has not shown a likelihood of success on the merits of his claim. The Seventh Circuit addressed a similar regulation of prisoner correspondence in *Farrell v. Peters*, 951 F.2d 862, 863 (7th Cir. 1992). The plaintiff in that case was forbidden from corresponding with his "common-law" wife, who was an inmate at another Illinois prison. The regulation in that case provided that "permission for committed persons to correspond between intra-state and inter-state correctional facilities shall

require the approval of the Chief Administrative Officers of both facilities and shall be based on safety and security concerns." *Id*. The court held that the constitutionality of such a rule "cannot be doubted." *Id.* (citing *Gometz v. Henman,* 807 F.2d 113 (7th Cir.1986)).

The Indiana Department of Correction ("DOC") policy at issue here is similar, providing that "an offender must obtain prior approval from the Department to receive or send correspondence to another person if the other person is held in a correctional facility." The IDOC policy goes on to state that, "the offender must establish that the exchange of correspondence is in the best interests of both the confined persons and the facilities involved." Because the Seventh Circuit has upheld a similar restriction on prisoner correspondence, Mr. Long has not shown that he is likely to succeed on the merits of his claim

C. *Potential Injury*

Finally, the potential harm to the DOC if the preliminary injunction were issued outweighs any potential harm to Mr. Long if injunctive relief is denied. The defendant explains that the likelihood that prisoner and prison personnel safety will be negatively impacted by allowing communication between the offenders is high and that offender communication from one facility to another has led to assaults and drug trafficking in the past. As the Seventh Circuit explained in *Farrell* that "the potential dangers from correspondence among inmates in this age of prison gangs . . . are obvious." 951 F.2d at 863. In these circumstances, Mr. Long has not shown that the potential harm from restricting his communications with Ms. Clemens until a judgment on the merits of his claims outweighs the potential risk to the safety of prisoners and prison officials if the injunctive relief he requested were granted.

### III. Conclusion

For the foregoing reasons, Mr. Long has not shown he is entitled to injunctive relief. Accordingly, his motion for a preliminary injunction [dkt 21] is **denied**.

**IT IS SO ORDERED.**

Date: 07/09/2015

*Jane E. Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JONAH LONG
103975
WABASH VALLEY - CF
Electronic Service Participant – Court Only

All electronically registered counsel